IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CATHERINE SMITH**                                                                 **PLAINTIFF**

VS.                           **CASE NO. 3:14CV00271 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,**
  **Social Security Administration**                                  **DEFENDANT**

**ORDER**

Plaintiff, in her appeal of the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits (DIB), contends the Administrative Law Judge ("ALJ") erred in assessing her credibility, which led to the erroneous conclusion that she has the residual functional capacity (RFC) to perform work at the medium exertional level. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on November 5, 2013. (Tr. 52-63). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

**Credibility:** Since the primary issue is the credibility determination, the plaintiff's testimony at the administrative hearing is vital. The plaintiff, 57 years old and married for 32 years at the time of the hearing, stated she lived with her husband and adult daughter, and her past relevant work had been as a cook. When asked why she could no longer work, she indicated pain in her legs and the tendency to "get tired real fast." (Tr. 57). She stated she could stand for about 15 minutes

before needing to rest.  She described her daily activities to include a small amount of sweeping, washing, and cooking.  Although she never has possessed a driver's license, she indicated she accompanied her husband when he went shopping "all the time", and these outings last "about an hour or something."  (Tr. 60).  She noted she had heart surgery in October of 2012, but could not return to work following the surgery because "I still don't feel too good."  (Tr. 61).  She listed daily medications for high blood pressure, diabetes, and aspirin taken daily for her heart.  She also stated she had cataract surgery in the past, which helped a vision "a little bit."  (Tr. 62).  Finally, she stated that her leg pain had worsened.

In his March 6, 2014 Decision, the ALJ found the plaintiff had severe impairments of coronary artery disease, history of myocardial infarction and bypass surgery, and diabetes.  The ALJ found the plaintiff had the residual functional capacity (RFC) to perform the full range of medium work.  Her past relevant work as a cook fell within the medium range of work.  As a result, the ALJ concluded plaintiff could perform her past work and she was not disabled.  The RFC finding was based, in part, upon the ALJ's discounting of the plaintiff's credibility.

The ALJ indicated his decision was consistent with SSR 96-7p, a policy interpretation which embodies the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which provides the following guidance on issues of credibility:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;

> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

739 F.2d at 1322 (emphasis in original).

The ALJ's credibility analysis includes a through discussion of the medical evidence and a brief discussion of the plaintiff's daily activities. There is no explicit mention of four of the *Polaski* factors (factors 2-5 listed above). However, an ALJ's credibility determination is not a formulaic exercise in which each *Polaski* factor is required to be examined. Rather, it should be a discussion of those particular factors which are relevant in the case. *Brown v. Chater*, 87 F.3d 963 (8th Cir. 1996). In this instance, the ALJ's strong emphasis on the medical evidence and daily activities is warranted. According to the plaintiff, her leg pain posed the biggest barrier in returning to work. The medical records show only two mentions of leg pain complaint, once in August of 2012 and again in September of 2013. The absence of any diagnosis or treatment consistent with her subjective statements of leg pain is noteworthy. While typically an ALJ can and should provide more detail in a credibility evaluation, the medical records in this case are sparse, especially records relating to leg pain. As for daily activities, the plaintiff's testimony was internally at odds, in that she stated that she could stand for only 10-15 minutes but also stated she regularly shops with her husband for an hour. Further, although the plaintiff testified to taking medications for high blood pressure and diabetes, as well as aspirin for her heart, she did not testify to any side effects from the medications. Similarly, the ALJ's review of the medical records reflects no restrictions imposed by

the plaintiff's treating physicians. Thus, the record was silent on the issues of medication side effects and functional restrictions. In summary, the ALJ's credibility analysis is supported by substantial evidence even though not all *Polaski* factors were individually addressed[1].

Having found ample support for the ALJ's credibility determination, it follows that the RFC determination is equally supported by substantial evidence.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this 13th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE

---

[1] The ALJ should have addressed the plaintiff's work history, a factor which weighed in her favor. (Tr. 136). However, we find this error harmless, as the objective medical evidence and daily activities constitute substantial evidence to support the credibility conclusion. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).